IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SCOTT VANWINKLE                                                                  PLAINTIFF

vs.                                        Civil No. 4:22-cv-04008

COMMISSIONER, SOCIAL                                                          DEFENDANT
SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

Scott VanWinkle ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his

applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental

Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his disability applications on August 10, 2015 (DIB application)

and on September 17, 2015 (SSI application).  (Tr. 15).  In these applications, Plaintiff alleges a

disability onset date of May 1, 2014.  *Id.*  Plaintiff alleges being disabled due to a back injury.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages
for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11.  These
references are to the page number of the transcript itself not the ECF page number.

210).  These applications were denied initially on October 16, 2015, and these applications were denied again upon reconsideration on February 29, 2016.  (Tr. 15).  Plaintiff then requested an administrative hearing, and this hearing request was granted.  (Tr. 38-61).  Plaintiff's administrative hearing was held on October 2, 2017.  *Id.*  At this hearing, Plaintiff and Vocational Expert ("VE") Lenora Maatouk testified.  *Id.*

On January 10, 2018, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications.  (Tr. 15-26).  Plaintiff appealed that unfavorable decision to this Court.  (Tr. 974-977).  As a result of that appeal, this Court reversed and remanded Plaintiff's case for further consideration of the *Polaski* factors and his subjective complaints.  (Tr. 979-986).  After this remand, the ALJ held two additional administrative hearings.  (Tr. 896-948).  The ALJ also entered a second decision.  (Tr. 868-895).  This decision was partially favorable.  *Id.*

In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2018.  (Tr. 873, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date of May 1, 2014.  (Tr. 874, Finding 2).  The ALJ determined that, as of his alleged onset date, he had the following severe impairments: degenerative disc disease (DDD) and brachial neuritis.  (Tr. 874-875, Finding 3).  Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 875-876, Finding 4).

As for his age, the ALJ determined Plaintiff was closely approaching advanced age prior to January 1, 2020.  (Tr. 884, Finding 7).  On January 1, 2020, Plaintiff's age category changed to an individual of advanced age.  *Id.*  In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC").  (Tr. 876-883, Finding 5).

Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that since the alleged onset date, the claimant has the residual functional capacity to perform can use the left non-dominant upper extremity occasionally for overhead reaching; can occasionally stoop, crouch, crawl and kneel; cannot climb ladders, ropes or scaffolds; can occasionally climb stairs and ramps; and case use foot controls occasionally.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the ALJ found Plaintiff was unable to perform any of his PRW. (Tr. 884-885). The ALJ determined that prior to January 1, 2020, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. *Id.* These included the following: (1) price marker (light, unskilled) with 129,388 such jobs nationally; (2) cashier II (light, unskilled) with 569.540 such jobs nationally; and (3) hotel housekeeper (light, unskilled) with 220,258 such jobs nationally. (Tr. 885).

The ALJ also determined that beginning on January 1, 2020, Plaintiff's age category changed. (Tr. 885, Finding 11). As of that date, considering his age, education, work experience, and RFC, there were no jobs that existed in significant numbers the national economy that he could perform. (Tr. 885, Finding 11). The ALJ therefore found that Plaintiff was not disabled prior to January 1, 2020 but became disabled on that date and continued to be disabled through the date of his decision. (Tr. 885, Finding 12).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. (Tr. 861-867). On December 7, 2021, the Appeals Council declined to review the ALJ's disability determination. *Id.* On January 26, 2022, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 26, 2022. ECF No. 5. This case is now ready for decision.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

In his appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ erred by failing to resolve the discrepancy between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT"); and (2) the ALJ erred in discrediting his need for surgery since January 1, 2015.  ECF No. 15 at 1-18.  The Court will consider these claims separately.

A.  **Potential Discrepancy**

Plaintiff argues the ALJ did not resolve a discrepancy between the VE's testimony and the DOT.  ECF No. 15 at 3-15.  With his argument, Plaintiff claims the ALJ found he was limited to only "occasional" reaching, but the three occupations the ALJ identified for Plaintiff all required "frequent" reaching and handling under the DOT.  *Id.*  Plaintiff claims the ALJ did not resolve this discrepancy.  *Id.*

Upon review of the transcript in this matter, however, the ALJ specifically addressed the fact the VE's testimony must be consistent with the DOT:

Q:      Ms. Maatouk, you're a vocational expert in a file maintained by the Office of Hearing Operations?

A:      Yes, sir.

Q:      Have you had any contact either personally or professionally with the claimant prior to the hearing today?

A:      No, sir.

Q:      And are you being compensated for your appearance?

A:      Yes, sir.

Q:      Is that in any way going to influence the nature of your testimony?

A:      No, sir.

Q:      Are you familiar with the Dictionary of Occupational Titles and its companion publications?

A:      Yes, sir.

Q:      And you understand that if your testimony today in terms of how jobs are performed is in conflict with how they are defined in those publications, you must bring that to my attention, rectify any inconsistencies and provide me with a basis for your testimony?

A:      Yes, sir.

Q:      And you'll do so?

A:      Yes, sir.

(Tr. 917-918).

The ALJ then posed a hypothetical to the VE that restricted a hypothetical individual to "occasional" overhead reaching: "the individual can use the left non-dominant upper extremity occasionally for overhead reaching, and would not otherwise be restricted in terms of manipulative

functioning." (Tr. 920).  This hypothetical reflected the limitations in Plaintiff's RFC.  (Tr. 876-883, Finding 5).  Based upon this hypothetical, the VE identified three jobs Plaintiff could perform: price marker, cashier II, and hotel housekeeper.  (Tr. 921).  After the VE identified those jobs, the ALJ and the VE then engaged in the following exchange regarding the DOT:

> Q:      Just bear with me for a moment.  Is the DOT—well, the appeals council noted that the DOT doesn't address—differentiate overhead reaching from other direction, and also I would not that it doesn't address the difference between dominance and non-dominance, is that correct?
>
> A:      That's correct, so –
>
> Q:      Okay.
>
> A:      --my answers regarding those issues are based on my experience in job placement.

*Id.*

Upon review, and based upon the transcript, there is no basis for a finding that the VE's testimony was inconsistent with the DOT or that the ALJ did not resolve any apparent conflicts. The ALJ has complied with his responsibility for resolving any apparent conflicts, and the Court finds no basis for reversing this determination.  *See Welsh v. Colvin,* 765 F.3d 926, 930 (8th Cir. 2014) (finding that "[w]hen an ALJ has posed a hypothetical that accurately reflects the RFC finding, questioned the VE about any apparent inconsistencies with the relevant DOT job descriptions, and explained his decision to credit the VE's testimony, the ALJ has complied with SSR 00-4p, and we review his decision under the deferential substantial evidence standard.").

**B.  Plaintiff's Need for Surgery**

Plaintiff claims the ALJ "erred in discrediting" his "need for surgery since January 1, 2015."  ECF No. 15 at 15-18.  In raising this argument, Plaintiff argues the ALJ erred in discounting his subjective complaints. *Id.*   The Court notes that in assessing the subjective

allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely reliable, the ALJ's determination of subjective allegations is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective allegations]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's subjective allegations of pain, the ALJ must make a specific determination regarding that claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ provided sufficient reasons for discounting Plaintiff's subjective complaints.  The ALJ recognized Plaintiff had received inconsistent medical treatment (Tr. 879), Plaintiff used conservative medical treatment (Tr. 879), and Plaintiff had a variety of daily activities (Tr. 881, 916).  Such findings are sufficient to support the ALJ's credibility determination.  *See Reece v. Colvin,* 834 F.3d 904, 908 (8th Cir. 2016) (recognizing "we [SSA] defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence").  Accordingly, the Court finds no basis for reversing the ALJ's determination.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of October 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE